Filed 12/20/23  P. v. Walton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE, | D081344 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE244493) |
| JAROLD ANDRE WALTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Selena D. Epley, Judge.  Affirmed.

William Paul Melcher, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel Rogers and Vincent P. LaPietra, Deputy Attorneys General, for Plaintiff and Respondent.

After his 2005 conviction for attempted murder, assault with a firearm, and being a felon in possession of a firearm, Walton petitioned the court

pursuant to Penal Code[1] section 1172.6[2] to resentence him. At the prima facie stage, the court denied Walton's petition without issuing an order to show cause and without scheduling an evidentiary hearing. On appeal, Walton contends that the trial court erred when it denied his petition at the prima facie stage of the proceedings. We affirm.

BACKGROUND AND PROCEDURAL FACTS

In 2005, Walton was charged in an amended information with one count of attempted murder, in violation of section 187, subdivision (a) and section 664, together with an allegation of personal use of a firearm, an allegation of personal infliction of great bodily injury and an allegation of intentional use of a firearm causing great bodily injury under section 12022.53, subdivision (d) (count 1); one count of assault with a firearm, in violation of section 245, subdivision (a)(2), together with an allegation of personal use of a firearm and an allegation of personal infliction of great bodily injury (count 2); and one count of being a felon in possession of a firearm, in violation of former section 12021, subdivision (a)(1) (count 3). The amended information also charged two prison priors and a strike prior.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Walton brought his petition under former section 1170.95, which was amended effective January 1, 2022, and then renumbered as section 1172.6 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58, § 10, (Assem. Bill No. 200).) We refer to the subject statute by its current number throughout this opinion.

The charged offenses involved the non-fatal shooting of a victim who had a prior romantic relationship with Walton's fiancé. Walton denied at trial that he was the shooter.[3]

The jury found Walton guilty of attempted murder, assault with a firearm, and felon in possession and found true the allegations, including the allegation of intentional use of a firearm causing great bodily injury.

At sentencing, the court struck both of the strike priors and sentenced Walton to a determinate term of eleven years on count 1 (comprised of the base term plus two one-year prison priors), plus an indeterminate term of twenty-five years to life under section 12022.53, subdivision (d).

On May 5, 2022, Walton petitioned the court to resentence him, pursuant to section 1172.6. After appointing counsel to represent Walton, the court heard oral argument on the prima facie petition on December 2, 2022. The court concluded that Walton was ineligible for resentencing as a matter of law and therefore it denied his petition without setting an evidentiary hearing. In so doing, the court noted that Walton's conviction was not based on the natural and probable consequences doctrine; the jury was instructed only as to attempted murder based on express malice aforethought; there were no jury instructions as to aiding and abetting[4] or natural and probable consequences; the jury found that Walton harbored a specific intent to kill and was the person who intentionally and personally

_____

[3]     Further details of the underlying offense are not relevant to the issues before us.

[4]     In fact, the jury *was* instructed on aiding and abetting, using CALJIC No. 3.01, but as discussed *post*, this instruction was not given as to the offense of attempted murder, but rather in connection with the allegation of intentional use of a firearm causing great bodily injury.

3

discharged the firearm; and Walton was not convicted of attempted murder under a theory set forth in section 1172.6.

Walton timely appealed. On appeal, he contends that the instructions provided to the jury, specifically CALJIC No. 3.01, permitted it to convict him under a theory of imputed malice, and therefore he should not have been denied a resentencing hearing.

We review a denial of resentencing under section 1172.6 for failure to present a prima facie case using a de novo standard of review. (*People v. Lopez* (2022) 78 Cal.App.5th 1, 6.)

DISCUSSION

In 2019, the California Legislature amended sections 188 and 189, which made changes to existing law such that murder liability could no longer be imposed on a defendant who was not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life. (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).) However, as to attempted murder (the offense Walton was charged with), the only theory identified for resentencing eligibility in section 1172.6 is "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *People v. Coley* (2022) 77 Cal.App.5th 539, 548 [the statute "applies by its terms only to attempted murders based on the natural and probable consequences doctrine"].) [5]

---

[5] The natural and probable consequences doctrine is a means by which malice can be implied by the factfinder if the person " 'willfully does an act, the natural and probable consequences of which are dangerous to human life, and the person knowingly acts with conscious disregard for the danger to life that the act poses.' " (*People v. Vargas* (2022) 84 Cal.App.5th 943, 953, citing *People v. Gonzalez* (2012) 54 Cal.4th 643, 653.)

4

Unlike some other theories of murder, a charge of attempted murder carries with it an intent to kill. (See *People v. Smith* (2005) 37 Cal.4th 733, 751 [" '[a]ttempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing' "], quoting *People v. Lee* (2003) 31 Cal.4th 613, 623.) A conviction for attempted murder requires the prosecution to prove the defendant acted with specific intent to kill the victim. (*Smith*, at p. 741.) The court in *Smith* distinguished the mental state required for murder from attempted murder. " 'The mental state required for attempted murder has long differed from that required for murder itself. Murder does not require the intent to kill. Implied malice—a conscious disregard for life—suffices.' " (*Smith, supra,* 37 Cal.4th at 739, quoting *People v. Lasko* (2000) 23 Cal.4th 101, 107.)

Section 1172.6, subdivision (a) provides a procedure by which a convicted person may seek resentencing under the new law. After the offender files the appropriate petition, the court must appoint counsel to represent the offender, and the matter is set for hearing to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis, supra,* 11 Cal.5th at pp. 961–963, 967.) In making that preliminary determination, the court may rely on the record of conviction but may not engage in factfinding, weighing of evidence, or the exercise of discretion. (*Id.* at p. 972.)

A petitioner is ineligible for relief as a matter of law if the record of conviction establishes that he or she was not convicted under any theory of liability affected by the Legislature's amendments to the law of murder. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866-867.) A record of conviction may include the charging document, the jury instructions, and the jury's verdict. (See, e.g., *People v. Williams* (2022) 86 Cal.App.5th 1244.)

5

As we discuss below, the record of conviction conclusively establishes that Walton was not convicted under any theory of imputed malice, and more specifically, he was not charged with or convicted of "attempted murder under the natural and probable consequences doctrine" (§ 1172.6, subd. (a)), and therefore the trial court did not err in denying his petition at the prima facie stage.

Using CALJIC No. 8.66, Walton's jury was specifically instructed that:

"In order to prove the crime of Attempt Murder, each of the following elements must be proved beyond any reasonable doubt:

"1. A direct but ineffectual act was done by one person towards killing another human being; and

"2. The person committing the act harbored express malice aforethought, namely, a specific intent to kill unlawfully another human being."

[¶]

"[A]cts of a person who intends to kill another person will constitute an attempt where those acts clearly indicate a certain, unambiguous intent to kill."

Nonetheless, Walton points to a jury instruction that the court gave for aiding and abetting, CALJIC No. 3.01, and contends that using this instruction, the jury could have convicted him under a theory of imputed malice, because this instruction creates an ambiguity that would have allowed the jury to find him guilty without finding that he personally acted with malice.

Walton is correct that the court instructed the jury using the "aiding and abetting" instruction, CALJIC No. 3.01, as follows:

"A person aids and abets the commission or attempted commission of a crime when he:

6

"(1) With knowledge of the unlawful purpose of the perpetrator, and

"(2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and

"(3) By act or advice aids, promotes, encourages or instigates the commission of the crime."

Walton is incorrect in his contention that in light of this instruction, the jury could have convicted him under a theory of imputed malice.

We first note that Walton was tried alone, on a charge that he himself had attempted to murder the victim. It was never contended that he aided and abetted someone else in the shooting. Further, the instruction for attempted murder required the jury to find "beyond any reasonable doubt" that he had the specific intent to kill another person, and further, that his actions showed a "certain, unambiguous intent to kill."

The aiding and abetting instruction that Walton references was not given in connection with the instructions for attempted murder. Instead, it was given to assist the jury in considering count 1's allegation of intentional use of a firearm causing great bodily injury under 12022.53, subdivision (d), which in turn required a determination as to whether the victim was Walton's accomplice, i.e., a person who aided and abetted Walton in the commission of attempted murder and assault with a firearm. Specifically, the jury was instructed that if they found Walton guilty of attempted murder, then they were required to decide whether Walton "intentionally and personally discharged a firearm and caused great bodily injury to [the victim] (who was not an accomplice) in the commission of said crime." (See CALJIC No. 3.10: "An accomplice is a person who is subject to prosecution for the identical offenses charged . . . against the defendant on trial by reason of

7

aiding and abetting.")  In other words, if (and only if) the jury found the elements of attempted murder (including Walton's intent to kill) beyond a reasonable doubt, then they needed to decide that the *victim* was not aiding and abetting *Walton* before they could find the allegation was true.

Appellant relies on *People v. Langi* (2022) 73 Cal.App.5th 972, a case in which a petitioner for resentencing had been convicted of second-degree murder for a crime in which he was one of four men whose assault on the victim led to the victim's death.  The court there concluded that "the standard aiding-and-abetting instructions are ill suited to the crime of second degree murder" because it contained an ambiguity by which a "jury may find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*Id.* at 982.)  *Langi* does not apply here, because Langi was not charged with attempted murder, as Walton was, nor was Walton convicted of aiding and abetting a murder, as Langi was.  As discussed *ante*, Walton's jury was not instructed as to whether he aided and abetted an offense and instead was specifically instructed as to his intent to kill.

Appellant contends that CALJIC No. 3.01 did not confine the jury only to the determination whether the victim was an accomplice for purposes of the great bodily injury enhancement.  We reject the suggestion that the instructions would have confused the jury such that they would have confused instructions relating to his victim's role as his accomplice with his own culpability for attempted murder.  In this case, it is not reasonably likely that the instructions, considered as a whole and in context, would have led the jury to conclude that Walton need not have intended to commit the attempted murder.  (See *People v. Williams* (2022) 86 Cal.App.5th 1244,

1255–1256 [it was not reasonably likely that jury confused instructions as to special circumstances with the instructions as to first-degree murder].)

Accordingly, we conclude that Walton is ineligible for relief under section 1172.6 as a matter of law.

## DISPOSITION

The post judgment order denying Walton's petition for resentencing under section 1172.6 is affirmed.

KELETY, J.

WE CONCUR:

HUFFMAN, Acting P. J.

DATO, J.

9